1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  SUSAN KNIGHT (CABN 209013)
   Assistant United States Attorney
5
       150 Almaden Boulevard, Suite 900
6      San Jose, California 95113
       Telephone: (408) 535- 5056
7      FAX: (408) 535-5066
       Email: Susan.Knight@usdoj.gov
8
   Attorneys for United States of America
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,        )  No. CR 18-00370 WHA
14                                  )
          Plaintiff,                )  UNITED STATES' SENTENCING
15                                  )  MEMORANDUM
       v.                           )
16                                  )  Date:  July 17, 2019
   MARTIN MARSICH,                  )  Time:  2:00 p.m.
17                                  )  Court: Honorable William Alsup
          Defendant.                )
18                                  )
                                    )
19

20                              **INTRODUCTION**

21      Pursuant to Criminal Local Rule 32-5(b), the United States hereby submits its sentencing

22 memorandum with respect to defendant Martin Marsich.  On April 9, 2019, the defendant entered a

23 guilty plea pursuant to a plea agreement to the sole count of an Indictment charging him with Accessing

24 a Protected Computer Without Authorization to Obtain Information for the Purposes of Commercial

25 Advantage and Private Financial Gain, in violation of 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(B)(i).

26      The Probation Officer agrees with the calculations contained in the Plea Agreement, which result

27 in an adjusted offense level of 10.  The defendant is in Criminal History Category is I, and the

28 sentencing range is 6 to 12 months imprisonment.  The Probation Officer has recommended a sentence

of three months' imprisonment along with one year of supervised release.  The government has reviewed the offense conduct, the commentary to the United States Sentencing Guidelines ("U.S.S.G."), and the mitigating factors outlined in the Presentence Report, and believes that a non-custodial sentence is an appropriate sanction for the defendant's conduct.  Therefore, the government requests that the Court sentence the defendant to three months' home confinement followed by two years' probation and $25,000 in restitution.

## DISCUSSION

### I. The Legal Framework for Sentencing.

It is now well established that in determining the appropriate sentence, this Court must conduct a two-step inquiry: (1) it must first correctly calculate the applicable Guidelines range as the "starting point"; and (2) it must next assess the factors set forth in 18 U.S.C. § 3553(a) to fashion an individualized sentence that is sufficient, but not greater than necessary, to achieve the aims of the statute. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

In sentencing the defendant, this Court must consider the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005).  The factors that this Court must consider under Section 3553(a) include:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and
- the need to provide restitution to victims of the offense, § 3553(a)(7).

As discussed below, the government has followed this framework in arriving at its sentencing recommendation in this case.

//
//
//

## II. The Applicable Sentencing Guidelines.

The Plea Agreement and the PSR contain the following guideline calculations:

| | | | |
|---|---|---|---|
| a. | Base Offense Level: (U.S.S.G. § 2B1.1(a)(2) - Fraud) | | 6 |
| b. | Specific Offense Characteristic: (U.S.S.G. § 2B1.1(b)(1)(D) – Loss more than $40,000 but less than $95,000) | | + 6 |
| c. | Acceptance of Responsibility: | | - 2 |
| d. | Adjusted Offense Level: | | 10 |

An adjusted offense level of 10, when indexed with a Criminal History Category of I, results in an advisory guideline range of 6 to 12 months' imprisonment in Zone B.

According to the Application Note 4 to U.S.S.G. § 5C1.1, the Court should consider a noncustodial sentence if the defendant is a nonviolent first offender with an applicable guideline range that falls within Zone A or B of the Sentencing Table. Here, the defendant fall squarely into that category: he committed a nonviolent offense and has an adjusted offense level of 10 in Zone B.

## III. The Government's Sentencing Recommendation.

After considering the Sentencing Guidelines and factors outlined in 18 U.S.C. § 3553(a), the Government believes that a split sentence of three months' home confinement as a special condition of two years' probation is a reasonable and appropriate sentence.

The defendant's conduct was extremely serious. As he admitted in the Plea Agreement, he exploited a vulnerability on Electronic Arts' network, and used it to grant himself licenses to the FIFA 18 game and game packs. *See* Dkt. 44, Plea Agreement. Rather than reporting the vulnerability to Electronic Arts, he enriched himself by selling some of the virtual coins that are used to purchase in-game items. The defendant's conduct demonstrated an absolute disregard for the law, and the consequences it would have on Electronic Arts, which suffered a loss of $79,040 in employee time responding to the intrusion. *See* PSR ¶ 15.

Balanced against this aggravated conduct are several mitigating factors. First, this is the defendant's first known conviction, and he accepted responsibility for his conduct by providing a full

confession at the time of his arrest, and entered a guilty plea. In addition, he has complied with all of the terms of his pretrial release. *See* PSR ¶ 4.

Second, the defendant had a difficult childhood growing up in Udine, Italy. His father was not involved in his upbringing, and he has not had any contact with him since his childhood. As for his mother, the defendant described his relationship with her as "dysfunctional" and reported that she merely met his basic needs growing up. She failed to address his medical issues, and emotionally and physically abused him. In addition, her failure to send the defendant to school in clean clothes and an appropriate haircut resulted him being targeted by the bullies at his school. *See* PSR ¶¶ 36. He even considered suicide as a teenager due to the absence of his father and his mother's abuse, and believes that he suffers from derealization disorder because he feels disconnected or detached from himself. *See* PSR ¶ 42. Furthermore, the defendant reported that he suffered from a gambling addiction four years ago and redirected his addiction to online gaming. *See* PSR ¶ 43.

Despite a challenging childhood, the defendant is fortunate to be in a relationship with his girlfriend, whom he resides with in Serbia. They have been together for four years, and she and her parents provide moral and financial support to the defendant. *See* PSR ¶ 38.

Thus, balancing the severity of the offense against the defendant's personal history and characteristics, the Government believes that a split sentence of three months' home confinement as a special condition of two years of probation is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. § 3553(a).

**IV.     The Court Should Not Impose a Fine.**

The defendant is defendant is a dual citizen of Serbia and Italy, and was arrested by the FBI at San Francisco International Airport when he was returning to Serbia. PSR ¶¶ 13, 39. He does not have the ability to work in the United States because of his immigration status, and his girlfriend has reportedly been paying his rent. *See* PSR ¶ 47. Therefore, the Government concurs with the Probation Officer's recommendation that the Court not impose a fine because the defendant does not have the ability to pay it. *See* PSR, Sentencing Recommendation.

**V.     Restitution.**

Although Electronic Arts suffered $79,040 in damages, the company has requested a reduced

restitution amount of $25,000 in order to avoid additional expenses related to the case. PSR ¶ 15. Therefore, the government requests that the Court order the defendant to pay $25,000 in restitution. The defendant posted a cash bond of $200,000 as a condition of his pretrial release. On April 9, 2019, the Court released $150,000 of the bond to defense counsel. *See* Dkt. No. 45. Therefore, the government requests that the Court order the defendant to pay $25,000 in restitution from the remaining $50,000 of his cash bond.

## CONCLUSION

In full consideration of the defendant's history and characteristics together with the other goals of sentencing, the Government respectfully requests that the Court sentence the defendant to a split sentence of three months' home confinement as a condition of two years' probation, and $25,000 in restitution to Electronic Arts. The Court is required to impose a $100.00 special assessment.

DATED: 7/9/19

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Susan Knight*

SUSAN KNIGHT
Assistant United States Attorney